UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

ANDREY L. BURTON, §
 §
        Plaintiff, § CIVIL ACTION H-04-411
*versus* §
 §
BANTA GLOBAL TURNKEY, LTD., *et al*. §
 §
        Defendants. §

# Opinion on Summary Judgment

1. *Introduction.*

An employee sues his former employer for failure to notify him when his insurance was cancelled and for medical bills. The employee's claim is untimely.

2. *Background.*

Banta Global Turnkey, Ltd., hired Andrey Burton as a full-time janitor with health insurance. Banta fired Burton on August 22, 2001, and ended his health insurance on August 31. Burton claims that he did not know that he was fired or that he lost his insurance.

On September 2, 2001, Burton had an emergency appendectomy. A few days later, Burton had a second surgery for complications from the first one. Burton spent seventeen days in the hospital recovering.

On November 14, 2001, Doctor Gathe – one of Burton's doctors – mailed a letter to Burton notifying him that he still owed for his treatment and that he was not insured at the time of his surgeries. Two days later, Tenet Healthcare Systems, on behalf of the hospital, sent a letter to Burton that explained the same problems. It addressed the letter incorrectly; the street name was written as "Sandy York" rather than the correct name "Sandy Oak." Burton denies receiving both letters, but they were not returned to the senders.

On December 19, 2003, Burton sued Banta for damages under federal law and for bills related to the surgeries because it did not notify him of his right to temporary, continued insurance coverage after it fired him. *See* 29 U.S.C.S. §1161 (2004).

3.  *Contract*.

Burton argues that the insurance policy sets the limitations period for claims. It allows insured "three years from the expiration of the time within which proof of loss is required" to sue. Proof of loss only occurs when the insured receives treatment from a doctor who is not authorized by the policy. The insured has ninety days to show proof of loss. If the claim is denied, the insured has three years to sue. The three-year period of limitations included in the policy does not apply. The section only applies when the insured makes a claim for medical services rendered by a non-participating physician or provider.

He seeks medical bills, but also damages under the Consolidated Omnibus Budget Reconciliation Act. Burton is not making a claim for surgeries performed by a non-participating physician. Instead, Burton claims Banta did not send a COBRA notice telling him that his insurance was cancelled. To recover under the COBRA claim, Burton's insurance necessarily must have been cancelled. If his insurance is cancelled, no policy is effective. As a result, the three-year period cannot apply to his claims. Further, Banta cancelled his insurance before the surgeries negating his claim for reimbursement of his medical bills.

4.  *Statute*.

Federal law does not specify when COBRA claims must be brought. It has a period for claims based on fiduciary duties. *See Myers v. King's Daughters Clinic,* 912 F.Supp. 233, 237 (W.D.Tex. 1996). As a result, the limit is determined by the most analogous state limitations period. *DelCostello v. Int'l Bhd..of Teamsters,* 462 U.S. 151 (1983). For COBRA claims, that statute is Texas's two-year limit for unfair insurance practices. *See Myers,* 912 F.Supp. at 237, Tex. Ins. Code Ann. Art.21.21 § 16(d).

5.  *Notice*.

Burton had two years from the time he discovered or should have discovered his insurance was cancelled to make a COBRA claim. In November 2001, two letters were mailed to Burton. Mailed letters are presumed to be delivered. *See Hagner v. United States,* 285 U.S. 427, 430 (1932). Denying receipt does not defeat the presumption. If mere denial rebutted the presumption, it would have no role.

In addition, Burton could not show that the letters were not delivered by secondary evidence. The letters were not returned and Burton maintained no records of correspondence from Banta or anyone else.

Burton's claim that the letter mailed November 16, 2001, was incorrectly addressed does not mean that it was incorrectly delivered. Given the correct name, house number, city, zip code and first word of the street name, a mailman can determine where to deliver a letter. Nevertheless, the court of appeals remanded, holding that an issue of fact had arisen.

The letter mailed November 14, 2001, was correctly addressed. A Banta employee testified that the letter was mailed in the ordinary course of business; usually, this would satisfy Banta's burden under the mailbox rule. Because the employee was not employed by Banta when the letter was mailed, she could hyper-technically found to be incompetent to testify on the ordinary course of business at that time. Banta has found another employee, who was there at the time the letter was sent, who corroborated the first employee's testimony. This new evidence satisfies the Court of Appeal's standard.

6. *Start of Period.*

The letters arrived sometime before the end of November. The letters included bills for the treatment he had received and notified him that he had no insurance. The letters had all the information Burton needed to know he had a problem, what it was, and whom to call. Burton had until late November 2003 to claim under COBRA. He did not file one until mid-December 2003; it was too late.

7. *Conclusion.*

Burton's COBRA claim is precluded by the two-year statute of limitations. Burton has no evidence other than a free-floating assertion that he was not notified that his insurance had been canceled. Burton received two letters informing him that his insurance was cancelled. Burton had two years from the time he received the letters to make a COBRA claim. Banta prevails, and Burton will take nothing.

Signed September 4, 2007, at Houston, Texas.

Lynn N. Hughes
United States District Judge