| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| Andrey L. Burton, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-04-411 |
| Banta Global Turnkey, Ltd., *et al.*, | § § | |
| Defendants. | § § | |

## Opinion on Summary Judgment

1.  *Introduction.*

    An employee sues his former employer for his medical bills because it failed to notify him when his insurance was cancelled. The employee's claim is untimely.

2.  *Background.*

    Banta Global Turnkey, Ltd., hired Andrey Burton as a full-time janitor with health insurance benefits. Banta fired Burton on August 22, 2001, and terminated his health insurance on August 31, 2001. Burton claims that he did not know that he was fired or that he lost his insurance.

    On September 2, 2001, Burton underwent surgery for appendicitis. A few days later, Burton underwent a second surgery due to complications from the first procedure. Burton spent approximately seventeen days in the hospital recovering from the surgeries.

    On November 14, 2001, Dr. Gathe – one of Burton's doctors – mailed a letter to Burton saying that he still owed money for his treatment and that he was not insured at the time of his surgeries. Two days later, Tenet Healthcare Systems – on behalf of the hospital – sent a letter to Burton saying the same thing. It addressed the letter incorrectly; the street name was written as "Sandy York" rather than the correct name "Sandy Oak." Burton denies receiving both it and the correctly addressed one.

    On December 19, 2003, Burton sued Banta for medical bills from the surgeries. He argues that Banta did not notify him of his right to temporarily continue insurance coverage

after it fired him. *See* 29 U.S.C.S. §1161 (2004).

3.     *Contract.*

Burton argues that the insurance policy sets the limitations period for claims. It does not. The limitations period in the policy only applies when the insured makes a claim for medical services rendered by a non-participating physician or provider. This did not occur.

4.     *Statute.*

Federal law does not give a limitations period for COBRA claims. It only sets periods for claims based on violations of fiduciary duties. *See Myers v. King's Daughters Clinic*, 912 F.Supp. 233, 237 (W.D.Tex. 1996). As a result, the limitations period is determined by the most analogous state limitations period. *DelCostello v. Int'l Bhd..of Teamsters*, 462 U.S. 151 (1983). For COBRA claims, that statute is Texas's two-year limitations period governing unfair insurance practices. *See Myers*, 912 F.Supp. at 237, Tex. Ins. Code Ann. Art.21.21 § 16(d).

5.     *Notice.*

Burton had two years from the time he discovered or should have discovered his insurance was cancelled to make a COBRA claim. In November 2001, two letters were mailed to Burton. Mailed letters are presumed to be delivered. *See Hagner v. United States*, 285 U.S. 427, 430 (1932). Denying receipt does not defeat the presumption. If mere denial rebutted the presumption, the presumption would be useless.

In addition, Burton did not show that the letters were not delivered. The letters were not returned and he maintained records of any correspondence from Banta. Burton's claim that one letter was incorrectly addressed does not mean that it was incorrectly delivered. Given the correct name, house number, city, zip code, and first word of the street name, a mailman can probably determine where to deliver a letter.

Karen Rogers, Banta's human resources manager in August 2001, testified that the letters were delivered and has produced records to prove it. Three other witnesses testified the same. Banta has ample evidence to show that the letters were delivered, while Burton has none to prove they were not received or circumstances that would support a reasonable inference by anybody.

6. *Start of period.*

The letters arrived sometime before the end of November. They included bills for the medical services he received and notice that he did not have insurance. The letters provided enough information to make Burton investigate the status of his insurance. Burton had until late November 2003 to make a COBRA notice claim. He did not file the claim until mid-December 2003 – this was too late.

7. *Conclusion.*

Burton's COBRA claim was made outside the two-year statute of limitations. The record shows that Burton received notice. Burton has offered no evidence to the contrary. Banta prevails; Burton will take nothing.

Signed October 18, 2007, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge